## CHARLES COOK, Respondent, v. EARNEST BEDFORD, Appellant.

[245 Pac. 73.]

APPEAL AND ERROR—FAILURE OF EVIDENCE TO SUPPORT FINDINGS.
> Judgment, in action by farm laborer for balance due, but denying penalty under C. S., sec. 7381, will be reversed where evidence does not support findings made by trial judge.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Charles F. Reddoch, Judge.

Action on contract by laborer to recover wages. Judgment for plaintiff. *Reversed* and *remanded* for new trial.

S. Ben Dunlap, for Appellant.

"Where the findings are not responsive to the case made by the complaint the judgment will be reversed." (*Urhlaub v. McMahon*, 15 Ida. 346, 97 Pac. 784.)

Where the judgment is not sustained by the complaint, the cause will be reversed. (*Uhrlaub v. McMahon, supra; Carson v. Thews*, 2 Ida. 176, 9 Pac. 605; *Davis v. Devanney*, 7 Ida. 742, 65 Pac. 500; *Bryan v. Tormey*, 84 Cal. 126, 24 Pac. 319.)

Scatterday & Stone, for Respondent, file no brief.

VARIAN, District Judge.—This is an action by a laborer to recover wages and was tried to the court without a jury. Respondent files no brief. The amended complaint alleges that between March 25, 1921, and November 25, 1921, plaintiff rendered services to the defendant at his special instance and request in the capacity of farm laborer. It is then alleged:

Publisher's Note.
'See Appeal and Error, 4 C. J., sec. 2854, p. 882, n. 22.

"That defendant, on May 25, 1920, agreed, verbally, to pay to this plaintiff wages for the term of his employment at the rate of $100 per month. That on November 25, 1920, it was mutually and orally agreed between this plaintiff and defendant that said wages should be reduced, for the winter months only, to $75 per month. That on May 9, 1921, the defendant verbally agreed to pay this plaintiff salary for the entire period of time between March 25, 1921, and November 25, 1921, at the rate of $100 per month, upon the same terms as plaintiff had theretofore been employed, which terms included the board of this plaintiff for said period of time, free of charge."

The amended complaint then alleges that no payment has been made for services rendered by plaintiff for the period between March 25, 1921, and November 25, 1921, except the sum of $208, leaving a balance due of $592, $150 attorney's fees and $100 penalty is demanded under C. S., sec. 7381.

The answer admits the employment of plaintiff but denies there was any agreement as to the amount of wages plaintiff was to receive for the period sued for and sets up four several items of counterclaim. The trial court disallowed the counterclaims *in toto* and refused to assess attorney fees or penalty giving judgment against appellant for $272 and interest thereon from November 25, 1921, and costs. A motion for a new trial was interposed and denied, and defendant appeals from the order denying a new trial and the judgment.

It is assigned as error that the findings do not support the judgment and that the evidence does not support the findings.

An examination of the record discloses that the evidence does not support the findings made by the trial judge.

The judgment is reversed and the cause remanded, with instructions to grant a new trial. Costs to appellant.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.